**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Benjamin N. Hadley, | ) | No. CV 12-08137-PCT-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Navajo County Sheriff's Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The court has before it defendant's motion to dismiss (doc. 8) and plaintiff's response (doc. 9).  Defendant did not file a reply.  Defendant moves to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).  On the other hand, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)).  To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S. Ct. at 1974.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Dismissal may be "based on the lack

1   of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
2   theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

3        Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from
4   discriminating against an individual with a disability.  42 U.S.C. § 12132.  To state a claim,
5   plaintiff must allege four elements: (1) he is an individual with a disability; (2) he is
6   otherwise qualified to participate in or receive the benefit of a public entity's services,
7   programs, or activities; (3) he was either excluded from participation in or denied the benefits
8   of the public entity's services, programs, or activities, or was otherwise discriminated against
9   by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by
10  reason of his disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

11       Plaintiff's complaint alleges that defendant's dispatchers accused plaintiff of yelling
12  at them, that he told the dispatchers that he is hard of hearing, and that the dispatchers sent
13  an officer from the City of Holbrook's Police Department to contact plaintiff about yelling
14  at them.  The complaint fails to state a facially plausible claim.  Plaintiff has neither a
15  cognizable legal theory nor sufficient facts to support a claim under Title II of the ADA.

16       Dismissal is also appropriate because the Navajo County Sheriff's Department does
17  not have the power to sue or be sued.  See A.R.S. § 11–201;  Braillard v. Maricopa County,
18  224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010).  The department is a nonjural
19  entity.  It is only an administrative sub-unit of the county.  The county itself, of course, can
20  be sued.

21       **IT IS ORDERED GRANTING** defendant's motion to dismiss without prejudice
22  (doc. 8).

23       We urge plaintiff to seek the advice of a lawyer.  If he does not have one, he may wish
24  to contact the Lawyer Referral Service of the Maricopa County Bar Association at (602)
25  257–4434.

26       DATED this 25th day of September, 2012.

27

28

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -